**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. 2:18-cv-00748-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| GOLDEN PENNY INDUSTRIES, LLC, et al., | |
| Defendants. | |

Presently before the court is plaintiff J & J Sports Productions, Inc.'s Motion to Strike Defendants' Answer (In Part) and Defendants' Response to Order to Show Cause (In Part) (ECF No. 18), filed on February 15, 2019. The motion is unopposed. This case was reassigned to the undersigned magistrate judge on May 3, 2019.

Plaintiff J & J Sports is a commercial distributor and licensor of sporting events. (Compl. (ECF No. 1) at 5.) Defendant Jerome E. Kosak owns and operates defendant Golden Penny Industries dba Rebel Republic, which is a gastropub. (*Id.* at 2-3.) J & J Sports alleges it had the exclusive nationwide commercial distribution rights to the Floyd Mayweather, Jr. versus Manny Pacquiao championship fight program, commonly known as the "The Fight of Century," which was telecast nationwide on May 2, 2015. (*Id.* at 5.) J & J Sports further alleges it entered into various sublicensing agreements with hotels, racetracks, casinos, bars, taverns, restaurants, and social clubs for those entities to publicly display the fight. (*Id.*) According to J & J Sports, Kosak and Golden Penny unlawfully intercepted and broadcast the fight for financial gain. (*Id.* at 3-4.) J & J Sports filed a complaint bringing claims against Kosak and Golden Penny for violation of 47 U.S.C. § 605 (claim one) and § 553 (claim two). (*Id.* at 4-7.)

Kosak filed an answer on a pro se basis, meaning he is not represented by an attorney. (Ans. (ECF No. 4).) The answer is signed only by Kosak and does not appear to be filed on

Golden Penny's behalf.[1]  (*See id.*)  At the time he filed his answer, Kosak did not file a certificate

of interested parties as required by LR 7.1-1, so the court set a deadline for Kosak to do so.

(Order (ECF No. 7).)  Kosak failed to comply with the court-ordered deadline, resulting in the

court's issuance of an order to show cause.  (OSC (ECF No. 9).)  Kosak did not respond to the

court's order to show cause, but because various court orders that were sent to Kosak were

returned as undeliverable, the court entered an additional order to show cause to provide Kosak

with a final opportunity to comply with the court's orders, including responding to the order to

show cause, providing a certificate of interested parties, and updating his mailing address.  (OSC

(ECF No. 15).)  Kosak responded to the order to show cause on behalf of himself and Golden

Penny.  (Resp. to OSC (ECF No. 16).)

 Meanwhile, J & J Sports and Kosak did not file a proposed stipulated discovery plan and

scheduling order, resulting in the court entering a scheduling order on its own accord.

(Scheduling Order (ECF No. 10).)  J & J Sports and Kosak also failed to file their joint pretrial

order by the court-ordered deadline, resulting in the court entering a separate order for them to do

so by February 19, 2019.  (Order (ECF No. 17).)

 Rather than filing the proposed joint pretrial order, J & J Sports moved to strike Kosak's

answer and response to the order to show cause.[2]  (Mot. to Strike (ECF No. 18).)  J & J Sports

moves to strike Kosak's answer and response to the order to show cause to the extent they apply

to Golden Penny, arguing that while Kosak may represent himself, he may not represent Golden

Penny.  Specifically, J & J Sports argues that Golden Penny, which is a limited liability company,

must be represented by an attorney.  J & J Sports subsequently informed the court Golden Penny

filed a Chapter 7 bankruptcy, thereby staying this case as to Golden Penny per 11 U.S.C. § 362.

(Am. Notice of Bankr. (ECF No. 23).  Given that the automatic stay is in effect and that motion to

---

[1] The Clerk of Court issued a Rule 4(m) notice as to Golden Penny, but J & J Sports did not respond to the notice by the deadline of September 6, 2018. (Notice (ECF No. 12).)

[2] J & J Sports also moved to extend the dispositive motions deadline. (Mot. to Extend Time (ECF No. 19).) The court granted that motion and extended the dispositive motions deadline to April 13, 2019. (Order (ECF No. 20).) The parties did not file dispositive motions or request an extension of time to do so.

1  strike is directed at Golden Penny, the court will deny the motion to strike without prejudice.

2  Given that all deadlines in the scheduling order have expired, the court also will require J & J

3  Sports to file a status report explaining how it intends to proceed in this case.

4      IT IS THEREFORE ORDERED that J & J Sports Productions, Inc.'s Motion to Strike

5  Defendants' Answer (In Part) and Defendants' Response to Order to Show Cause (In Part) (ECF

6  No. 18) is DENIED without prejudice.

7      IT IS FURTHER ORDERED that J & J Sports must file a status report by October 10,

8  2019.

9

10      DATED: September 26, 2019

11

12                                 _____

13                                 BRENDA WEKSLER
                                   UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28